UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIAM TRACY MCCOWAN,

Petitioner,

v.

E. SILVA,

Respondent.

Case No. 25-cv-09805-HSG

**ORDER TO SHOW CAUSE; DENYING AS MOOT "MOTION FOR MERCY"**

Re: Dkt. No. 11

Petitioner, a California state prisoner housed at Corcoran State Prison in Corcoran, California, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 7. His petition, Dkt. No. 7, is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner has paid the filing fee. Dkt. No. 10.

**DISCUSSION**

**A.     Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.     Background**

Petitioner was sentenced in Santa Clara County Superior Court to 430 years after being convicted of forty-four counts of sexual abuse and one count of attempting to dissuade a witness.

Dkt. No. 7 at 1-2.  Petitioner appealed.  On July 5, 2024, the state appellate court found that three of the sexual abuse counts (counts 40, 42, and 44) were unsupported by substantial evidence and that resentencing was required in light of intervening changes in sentencing law but otherwise rejected Petitioner's remaining challenges to his conviction and sentence.  The state appellate court vacated the convictions for counts 40, 42, and 44, and remanded the action to the state superior court for resentencing in accordance with current law.  *People v. McCowan*, No. H049125, 2024 WL 3309245, at *5 (Cal. Ct. App. July 5, 2024).  Petitioner filed a petition for review in the California Supreme Court, which was denied on September 11, 2024.

Petitioner states that, other than the direct appeal, he has not previously filed any petition, application, or motion with respect to this conviction in any state or federal court.  Dkt. No. 7 at 6.

Petitioner commenced this action on or about November 14, 2025 by filing a motion for an extension of time to file his federal habeas petition.  *See generally* Dkt. No. 1.  The operative petition was filed on December 23, 2025.  Dkt. No. 7.

**C.     Order to Show Cause**

Petitioner challenges his conviction and sentence on the following nineteen grounds:

(1)     the prosecutor committed misconduct when, during closing argument, he vouched for the credibility of the complaining witness by arguing that the police would never have arrested Petitioner and the prosecution would have charged Petitioner if Petitioner were not guilty;

(2)     Petitioner's trial counsel was ineffective for failing to object to the above prosecutorial misconduct;

(3)     the prosecutor committed misconduct when he elicited highly inflammatory testimony from a prosecution witness that implicated Petitioner's right to vote, right to choice, and right to equal protection of the law;

(4)     trial court judge Zecker abused their discretion by denying Petitioner's motion for a new trial due to counsel's ineffective assistance, thereby depriving Petitioner of his Sixth Amendment right to effective assistance of counsel and his right to equal protection under the law;

(5)     Petitioner's trial counsel was inexperienced as she had never filed a 782 motion and falsely told Petitioner and his family that she was an expert in sex crimes, and this inexperience

United States District Court
Northern District of California

deprived Petitioner of his Sixth Amendment right to compel witnesses for his defense;

(6)     Petitioner's trial counsel violated Petitioner's rights under the Fifth, Sixth, and Fourteenth Amendment when she refused to file a motion to challenge the competency of key prosecution witness Mimi Doe;

(7)     Petitioner's trial counsel was ineffective for failing to file a motion challenging digital evidence where the police department had broken the chain of custody and contaminated the digital evidence;

(8)     Petitioner was denied his Sixth Amendment right to confront the witnesses against him when his trial counsel refused to cross-examine the prosecution's expert witness who testified regarding Child Sexual Assault Accommodation Syndrome;

(9)     the prosecutor committed misconduct when, after Petitioner's trial counsel finished her closing argument, the prosecutor immediately stood up and spoke in a high tone voice and with animated body language and claimed that Petitioner's trial counsel had presented a sham defense;

(10)     Petitioner's trial counsel completely stopped her investigation; did not interview or subpoena more witnesses, in particular, failing to subpoena the oldest brother Jason; and directed the private investigator that Petitioner had hired to stop all investigation;

(11)     Petitioner's trial counsel was disinclined to properly represent Petitioner in his second trial because she had not received full payment for her services and doubted Petitioner's ability to pay;

(12)     Petitioner's trial counsel was ineffective because she chose a "consent" defense which Petitioner did not agree to and which was inconsistent with Petitioner's testimony that he had never touched, or done anything sexual, to Jane Doe;

(13)     the prosecutor's closing argument was improperly focused on emotions and improperly sought the jury's sympathy by asking the jury to step into the victim's shoes, disregard the evidence, take justice into their own hands, make the community safer by convicting Petitioner, and to rectify the widespread prejudice against sexual assault victims;

(14)     Petitioner's trial counsel was ineffective for failing to object to the prosecutor's

United States District Court
Northern District of California

United States District Court
Northern District of California

appeal to the jury's sympathy during his closing argument;

(15)    Petitioner's trial counsel was ineffective for failing to include in her closing arguments evidence of Petitioner's innocence;

(16)    Petitioner's trial counsel was ineffective for allowing the prosecutor to use words such as force, violence, duress, menace, and fear of bodily injury;

(17)    the imposition of full consecutive terms under Section 667.6(d) as to the 44 counts of sexual assault violated Petitioner's Sixth Amendment rights under *Apprendi v. New Jersey* and its progeny, as demonstrated in *Erlinger v. United States*, 144 S.Ct. 1840 (2024);

(18)    Petitioner is innocent; and

(19)    there has been a miscarriage of justice.

Liberally construed, the petition states cognizable claims for federal habeas relief, and merits an answer from Respondent.  *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must liberally construe *pro se* habeas petitions).

### CONCLUSION

For the foregoing reasons, the Court orders as follows.

1.    The Clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email addresses:  SFAWTParalegals@doj.ca.gov and docketingsfawt@doj.ca.gov.  The petition and any exhibits thereto are available via the Electronic Case Filing System for the Northern District of California.  The Clerk shall serve by mail a copy of this order on Petitioner.

2.    The Court DENIES as moot Petitioner's pleading titled "Motion for Mercy."  Dkt. No. 11.  This pleading requests clarification regarding the filing fee due.  Petitioner has paid the filing fee, Dkt. No. 10; therefore no clarification is needed.

3.    Respondent shall file with the Court and serve on Petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claim(s) found cognizable herein.  Respondent shall file with the answer and serve on Petitioner all documents that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a reply with the Court and serving it on Respondent within **thirty-five (35) days** of the date the answer is filed.

4.	Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

5.	Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

6.	Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

This order terminates Dkt. No. 11.

**IT IS SO ORDERED.**

Dated:   3/13/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California